**Application of Louis G. IMPERATO, Jr.**

**Patent Appeal No. 9114.**

United States Court of Customs
and Patent Appeals.

Nov. 15, 1973.

Eugene F. Buell, Buell, Blenko & Ziesenheim, Pittsburgh, Pa., atty. of record, for appellant.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents, Robert D. Edmonds, Washington, D. C., of counsel.

Before RICH, BALDWIN, LANE and MILLER, Judges, and ALMOND, Senior Judge.

ALMOND, Senior Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the examiner's rejection, under 35 U.S.C. § 103, of claims 1–5 of appellant's application[1] entitled "Lump Ore Products and Methods of Making Same." We reverse.

According to the record, low grade ores, from which refined metals are obtained, must be upgraded by a "beneficiation" process before they can be employed in metallurgical furnaces. The beneficiation process involves grinding the ore to a finely divided state in order to facilitate the removal of impurities. However, the fineness of the upgraded ore reduces its usefulness in the metallurgical process to which it is submitted in order to recover the refined metal. Therefore, the finely divided ore is formed into lumps of sufficient size to be efficiently employed in a metallurgical furnace, e. g., a blast furnace.

One process for making lump ore from a finely divided ore is known as the "carbonate bond process." It involves combining the finely divided ore with an oxide or hydroxide of an alkaline earth metal, oxides and hydroxides of calcium and magnesium are commonly used, and up to 10% water. The mixture is formed into lumps by known procedures and then treated with carbon dioxide gas to convert the metal oxide or hydroxide to the corresponding carbonate. Appellant's invention, an improvement of this basic process, involves adding free sulfur to the finely divided ore before the carbon dioxide treatment. Claims 1 and 4, the only independent claims in the case, are representative:

1. A low temperature method of making ore aggregates such as lumps and pellets having high strength at elevated temperatures comprising the steps of:

(a) admixing finely divided metal containing ore with one of the group

1. Serial No. 797,825 filed February 10, 1969.

consisting of oxides and hydroxides of an alkaline earth metal, a small amount of free sulfur and sufficient water to form the mass into aggregates;

(b) forming the mixture into aggregates;

(c) reducing the moisture level in the aggregates below 10%;

(d) subjecting the formed aggregates to an atmosphere of carbon dioxide until a substantial portion of the alkaline earth metal is converted to alkaline earth carbonate *in situ;* and

(e)·removing the formed aggregates to the atmosphere for storage and use.

(4) A lump ore product consisting essentially of a finely divided metal containing ore, a small amount of free sulfur, less than 10% water and a bond of alkaline earth carbonate formed *in situ.*

Claims 2 and 3, which depend from claim 1, and claim 5, which depends from claim 4, add limitations not pertinent to our resolution of this appeal.

According to appellant, the lump ore obtained by use of his invention has strength characteristics[2] at low temperatures similar to that obtained by the basic carbonate bond process. However, at high temperatures his lump ore has up to 45% higher strength than an ore obtained by the prior art process.

### Rejection

The board affirmed the examiner's rejection under § 103 based on combinations of the following references:

| Amberg | 2,844,457 | July 22, 1958 |
| Schaefer et al. (Schaefer) | 3,027,251 | March 27, 1962 |
| Johnson et al. (Johnson) | 3,370,936 | February 27, 1968 |
| Russo (Canadian patent) | 730,091 | March 15, 1966 |
| Bell | 3,503,734 | March 31, 1970 |

Amberg and Johnson disclose the basic carbonate bond process described above. Schaefer discloses a process for pelletizing metal ore, particularly pyrites, which involves treating the ore with free sulfur (1–10% is said to be effective), heating the mixture to a temperature above the melting point of sulfur, and then cooling it.

Russo describes a process for fashioning articles from finely divided ferrous material. The usual process involves compacting the iron powder with a small amount of graphite and a lubricant at high pressures (50–60,000 psi) and high temperatures (about 2050° F.) for approximately thirty minutes. Russo found that by incorporating free sulfur in the mixture prior to the molding operation, a finished article having higher rupture strength could be obtained.

Bell describes a relatively complex process for treating iron containing ores of the type known as "lateritic" ores. These ores are complex mixtures of metal oxides which contain valuable amounts of the oxides of iron, nickel and/or cobalt. The other principal ingredients of these ores are the oxides of magnesium, aluminum and silicon.

The basic process involves grinding the ore and combining it with a reducing agent. This composition is pelletized and heated under conditions whereby all the nickel and cobalt oxides and up to 92% of the iron oxide are reduced to form the free metal. At the temperature selected for the reduction, the free metals coalesce within a pellet into particles of iron alloyed with the nickel and cobalt. The pellets are then ground and the iron particles magnetically separated from the nonreduced portions of the ore.

The process is not without a serious problem since at the operating temperature the pellets soften and adhere to each other and the walls of the vessel. To avoid this, Bell adds a refractory oxide to the ground ore before pelletiza-

2. Strength of lump ore is a measure of its resistance to disintegration back to a finely divided state.

tion. When such a pellet is heated, the softened ore coacts with the refractory oxide to form a hard coating about the pellet. This coating does not soften thereby stabilizing the pellet at high temperatures and preventing it from adhering to other pellets and the vessel.

Bell also discloses that free sulfur may be added to the pellet as an optional ingredient. Its function is to improve the coalescence of the free metals into particles.

In view of this art, the board succinctly stated its conclusions regarding the propriety of the rejection in the following way:

Claims 1 through 5 were finally rejected under 35 U.S.C. § 103 as unpatentable over either Johnson et al. or Amberg in view of either Russo and Schaefer et al. We agree with this rejection. Appellant is claiming a process and product in which free sulfur and alkaline earth carbonates are used as bonding agents in metal containing ore aggregates. Both Johnson et al. and Amberg teach the carbonate bonding process for metal containing ore aggregates. Both Russo and Schaefer et al. teach the use of free sulfur as a bonding agent in metal containing ore aggregates. In the Russo and Schaefer et al. processes the aggregates are fired or sintered at elevated temperatures. It would be within the skill of a routineer in this art, in view of the references, to use both the free sulfur and the carbonate bonding agents in order to produce metal containing ore aggregates having high strength at elevated temperatures. There is nothing to show that appellant's result of high strength at elevated temperatures is anything but the aggregate effect of the two bonding agents. In the absence of a showing of unexpected or synergistic result, we will sustain this rejection.

A separate rejection under § 103 of claims 4 and 5 over Bell in view of Johnson was also affirmed. The board said, " * * * we consider these references as merely cumulative evidence as to the obviousness of appellant's product."

### Opinion

We think the board's decision must be reversed. Appellant alleges, and his specification supports the conclusion, that the addition of sulfur to the basic carbonate bond process results in an enhancement of the strength of the lump ore at high temperatures. The board does not dispute the allegation but dismisses it as being merely the aggregative effect of combining sulfur with the carbonate bond process. In our view, this conclusion is not supported by the record.

With regard to the principal rejection, we agree that combining the teaching of Schaefer with that of Johnson or Amberg would give the beneficial result observed by appellant. However, the mere fact that those disclosures *can* be combined does not make the combination obvious unless the art also contains something to suggest the desirability of the combination. In re Bergel, 48 C.C. P.A. 1102, 292 F.2d 955 (1961). We find no such suggestion in these references.

Schaefer does teach that sulfur can be used as a bonding agent for finely divided ore. However, his disclosure also reveals that at high temperatures the sulfur is burned away and the lump ore loses strength. To overcome this problem, he would incorporate into the pellet a known high temperature bonding agent such as bentonite. According to Schaefer, bentonite is a clay material and unsatisfactory as a *low temperature* bonding agent.

Contrast this teaching to what appellant has done. He combines two processes known to result in lump ore having high strength at low temperatures but not at high temperatures, yet obtains a lump ore having improved strength in both situations. We consider this to be unexpected and unobvious in view of the art despite the board's contention to the contrary. In fact, we think that the art suggests that no de

sirable effect would result from the combination as Schaefer teaches that the sulfur will be burned away as the temperature is raised and, therefore, would contribute nothing to the combination.

We do not think that one skilled in the art would be led by the teachings of Russo to employ sulfur in the carbonate bond process. In the first place, Russo uses sulfur in a high temperature molding process employed to make finished articles of high strength from iron powder. The reference does not suggest that this strength is improved at high temperatures such as are encountered in the metallurgical processes for which lump ore is useful.

Secondly, there is nothing in the record to suggest that the problems of powder metallurgy in any way resemble those of lump ore preparation. Therefore, if Russo would suggest that sulfur improves the strength at high temperatures of articles molded from iron powder, we think one skilled in the art would not view this to be significant in view of the contrary suggestion in Schaefer, a more pertinent reference, concerning the effect of adding sulfur to a metal ore.

In view of all the art of record, we also believe that the secondary rejection of claims 4 and 5 cannot be sustained. At the outset, we note that Bell's basic goal was to improve the high temperature performance of the pellets and that free sulfur was merely an optional agent not essential to this purpose. However, in view of Schaefer's disclosure that free sulfur is an adequate agent for imparting low temperature stability to ore pellets, the art does not appear to suggest that there would be any advantage to be obtained by using the carbonate bond process with Bell's pellets if they also contain sulfur. In the absence of such a suggestion, we conclude that the combination would not have been obvious.

For the foregoing reasons, we hold that the claimed invention would not

have been obvious to one skilled in the art at the time it was made. Accordingly, the board's decision is reversed.

Reversed.